ANNE B. WOODS *vs.* HAROLD B. WOODS.

Middlesex. April 3, 1935. — April 4, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Probate Court,* Decree: vacation.

Even if a decree in favor of the petitioner was entered upon a petition in a probate court without the respondent's having been heard because of misunderstanding or neglect of his attorney, it was proper to dismiss a petition by the respondent to vacate the decree where the judge of probate, after full hearing thereof, found that the respondent had no meritorious defence to the original petition.

PETITION for separate maintenance, filed in the Probate Court for the county of Middlesex on December 22, 1932, and afterwards amended.

The proceedings in the case are described in the opinion. The order dismissing the petition to vacate was by *Leggat,* J. The respondent appealed from that order.

*D. W. Jacobs,* for the respondent.

*C. P. Tucker,* for the petitioner, was not called upon.

BY THE COURT. A decree was entered on May 14, 1934, by the Probate Court upon an appropriate petition declaring that the petitioner was living apart from the respondent for justifiable cause, prohibiting him from imposing any restraint upon her personal liberty and awarding money payments by him for her support, reciting that the respondent appeared by counsel but that on the day set for hearing no person appeared to oppose. On June 7, 1934, the respondent filed a petition praying that the decree be vacated, and alleging neglect or misunderstanding of his original attorney in failing on his dismissal to withdraw his appearance and of his new attorney in failing to file an appearance

and that thus he was deprived of his day in court. Upon this petition to vacate, a full hearing was had covering the merits of the original petition. The trial judge denied several requests for rulings, dismissed the petition to vacate the decree and at the request of the respondent filed an extended report of his findings of fact. The evidence is not reported in full.

The findings are explicit to the effect that the charges of marital wrongs on the part of the respondent alleged in the original petition were true. They demonstrate that the respondent had no meritorious defence to that petition. That there was no condonation by the wife of the misconduct of her husband is implicit in the findings and is warranted, if not required, by the facts recited. The findings rendered inapplicable all the requests for rulings, which need not be examined in detail. No error is disclosed. *Lovell* v. *Lovell*, 276 Mass. 10, and cases reviewed. See also *Russell* v. *Foley*, 278 Mass. 145, 148; *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 277.

*Order dismissing petition to vacate affirmed.*