CHARLES M. WHALEN *vs.* WORCESTER ELECTRIC LIGHT
COMPANY
(and ten companion cases[1]).

Worcester.   September 25, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Review, Writ of. Practice, Civil,* Agreement of "neither party"; Exceptions: what is subject to exception; Requests, rulings and instructions. *Judgment. Jurisdiction,* Objection to jurisdiction. *Way,* Public: defect, pole. *Municipal Corporations,* Liability for tort. *Nuisance.*

A writ of review of an action terminated by a "neither party" agreement did not lie, there having been no final judgment.

Although counsel did not question the power of a judge to grant a petition for a writ of review where no final judgment had been entered, the judge should have dismissed the petition of his own motion.

Exceptions saved at the trial of an action following the erroneous granting of a petition for a writ of review had no standing and must be dismissed.

A party not contending that a charge to the jury was inaccurate was not entitled as of right to have it supplemented in accordance with oral requests for instructions presented for the first time at its conclusion.

The only remedy of a traveller on a public way injured solely through breach by the municipality of its statutory duty to keep the way safe for travel is that given by G. L. (Ter. Ed.) c. 84, § 15, *et seq.*; no action at common law on the ground of nuisance or otherwise lies for an injury so caused.

Although a municipality is liable at common law to one, even though a traveller on a public way, injured through a dangerous condition of the way arising from negligence of its agents in the furtherance of a municipal project if the project is commercial in character, it was not liable for negligence in the maintenance of a pole bearing traffic lights and signs which was a purely governmental and public function.

TEN ACTIONS OF TORT. Writs in some of the actions in the Superior Court, and in the others in the Central District Court of Worcester. Also a

PETITION for a writ of review in the Superior Court.

---

[1] The ten companion cases are: Charles M. Whalen *vs.* City of Worcester; Leon Jacob *vs.* Same; George F. Hunt *vs.* Same; Charles M. Whalen *vs.* Anthony H. A. Athy; Same *vs.* Fred J. Casey; Leon Jacob *vs.* Anthony H. A. Athy; Same *vs.* Fred J. Casey; George F. Hunt *vs.* Anthony H. A. Athy; Same *vs.* Fred J. Casey; Charles M. Whalen *vs.* Worcester Electric Light Company.

The petition was heard by *T. J. Hammond,* J., and, upon removal to the Superior Court of the actions brought in the District Court, all the actions were tried together before him.

*J. Y. Young,* (*Nunziato Fusaro* with him,) for the plaintiff Jacob.

*E. A. Ryan,* for the plaintiff Whalen.

*M. B. Fitz,* for the plaintiff Hunt, submitted a brief.

*M. J. Rubin,* (*J. C. McDonald* with him,) for the defendants Athy and another.

*A. M. Hillman,* Assistant City Solicitor, for the defendant city of Worcester.

*S. B. Milton,* (*R. C. Milton* with him,) for the defendant Worcester Electric Light Company.

RONAN, J. The plaintiffs, together with several hundred persons, were standing upon Madison Street near the corner of Beacon Street (both public ways in Worcester) on October 21, 1936, for the purpose of seeing the President of the United States as he passed along the ways, and were injured by the fall of a traffic light pole, located upon the sidewalk. The pole fell into the street when efforts were being made by the police and members of the crowd to push down the middle of a rope that extended across Madison Street and was attached to the traffic pole close enough to the surface of the street to permit an automobile to pass over it, or when one of the front wheels of this automobile struck and ran over the rope after it had been forced down to a short distance above the street. Each of the three plaintiffs brought an action based on negligence against Casey, the operator of the automobile, and against Athy, the owner of the automobile. Each also brought an action against the city of Worcester, the owner of the pole, on the ground that the maintenance of the pole constituted a public nuisance. Some of the plaintiffs also brought actions against the Worcester Electric Light Company which supplied electricity to the signals located on the pole, but during the hearings before the auditor, to whom all the above mentioned actions had been referred, these last named plaintiffs, including Whalen, terminated their cases

against this defendant by an entry by agreement "neither party." Whalen subsequently brought a petition for a writ of review which was granted. This case and the nine actions against Casey, Athy and the city of Worcester were then tried together in the Superior Court. The jury, in answer to special questions submitted to them, found that Casey was not negligent and that he had crossed over the rope before it had been pushed down to the surface of the street. They found for the defendants in the cases against Casey and Athy. These cases are here on a single exception taken by the plaintiffs at the conclusion of the charge. The jury found for the plaintiffs in the actions against the city of Worcester, and also found that the city was maintaining the pole in such a manner as to constitute a nuisance. The plaintiffs in the cases against the city excepted to the entry of verdicts for the defendant under leave reserved. The defendant Worcester Electric Light Company excepted to the granting of the plaintiff Whalen's petition for a writ of review, and the latter excepted to the ruling of the judge directing a verdict for the defendant upon the plaintiff's opening at the trial of that case.

We first consider the case of Whalen *v.* Worcester Electric Light Company. The plaintiff brought a petition for a writ of review so that the action could be brought forward and tried as if the agreement for judgment for neither party had not been filed. After a hearing, the judge found that counsel for the plaintiff, who was desirous of attending to some other matter, arranged with an attorney who was then engaged in the trial of these cases before the auditor "to follow the case for him and report on the progress, and if any matter came up that he should be notified of it, to notify him." At the close of the hearing on that day, counsel for the plaintiffs in the cases against this defendant agreed that they had no case against this defendant and consented to the entry "neither party." The attorney with whom the plaintiff's counsel had arranged "to follow the case for him" conferred with the plaintiff, informing him that the other plaintiffs had abandoned their cases against this defendant and asked Whalen what he should

do. Whalen replied, "Use your own judgment." The judge found that this attorney was representing the plaintiff. This attorney then signed a "neither party" agreement which was subsequently filed in the clerk's office. The judge allowed the petition "lest any injustice come to plaintiff" on account of his attorney being engaged in Boston rather than representing him before the auditor.

The entry by agreement "neither party" was a final disposition of the action but no judgment could be rendered upon it by the court. *Marsh* v. *Hammond*, 11 Allen, 483. *White* v. *Beverly Building Association*, 221 Mass. 15. *Shapiro* v. *Lyon*, 254 Mass. 110. Moreover, the docket entries show that there had been no entry of a final judgment. There being no final judgment, there was no ground upon which the petition could be brought. *Commonwealth* v. *Marsino*, 252 Mass. 224, 228. *Fowler* v. *Lee*, 263 Mass. 440. *Cherry* v. *Cherry*, 253 Mass. 172, 176. Although this point was not raised by counsel, the present proceedings are entirely statutory and a judge has no power to grant relief when the very foundation upon which the statute can operate is lacking. The petition should have been dismissed.

Incidentally it might be said that the same result would be reached on the merits if the case were properly here, for it is clear from the findings that the entry by agreement "neither party" was authorized by the plaintiff Whalen and that there was no merit in the plaintiff's case, a fact which it seems the judge would have readily discovered if he had investigated it upon the hearing upon the petition, in view of his subsequent action in directing a verdict for the defendant upon the opening by the plaintiff's counsel. *Mellet* v. *Swan*, 269 Mass. 173, 177. *Russell* v. *Foley*, 278 Mass. 145, 148. *Woods* v. *Woods*, 290 Mass. 392. *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421. *Medford* v. *Corbett*, 302 Mass. 573, 575. The plaintiff's exceptions to the action of the judge in directing a verdict for the defendant have no standing as they fall with the dismissal of his petition for a writ of review.

In the cases against Casey and Athy the judge, in the course of his charge, told the jury that "We all know that,

as a matter of common adage, (an old saying) maxim, prac-
tically, that if a man disobeys the order of a police officer
he does so at his peril. In the ordinary situation, we are
on the street, an officer gives an order, he is the representa-
tive of the law. It is your duty, and it is my duty, to fol-
low his instructions, barring some instruction that would
be absolutely illegal or wrong. The test is, when it comes
to an act of negligence, was there a situation there that
Mr. Casey should have foreseen if he responded to the
officer's direction? Judged by the conduct of the ordinarily
careful and prudent individual, how did Mr. Casey act;
how did he behave; what was his conduct?" At the con-
clusion of the charge, counsel for the plaintiffs requested
the judge to instruct the jury further by telling them that
"Casey was not bound to surrender the duty he owed in
the exercise of due care there, merely to the fact that the
police officers of the city signalled to him to come forward"
and excepted to the refusal of the judge to grant this oral
request. The plaintiffs did not point to anything contained
in the charge that they desired to have changed, and they
took no exception to any part of it. They did not except
to a refusal of the judge to change in any way the instruc-
tions. All that the plaintiffs sought was that the charge
should be supplemented in accordance with their request.
This they were not entitled to as a matter of right. The
judge was not required to grant the oral request first sub-
mitted at the conclusion of the charge. *Quimby* v. *Jay,*
196 Mass. 584. *Zamore* v. *Boston Elevated Railway,* 198
Mass. 594, 597. *Lincoln* v. *Finkelstein,* 255 Mass. 486.
*Dodge* v. *Sawyer,* 288 Mass. 402, 408.

We do not intimate, if the point were open, that there
was any error in that portion of the charge above set forth.
The jury were properly told that as a general proposition
one should obey the directions of an officer but that obedi-
ence to such directions would not free one from the imputa-
tion of negligence if he ought to have foreseen the conse-
quences, and that one's conduct must be judged by that of
an ordinarily careful and prudent individual. The charge
was in accord with established principles. An operator of

an automobile may rely to a considerable extent upon a signal given by a traffic officer but he has no right on that account to abandon all care for the safety of pedestrians. He must act reasonably in all the circumstances. In substance, this was what the jury were told. *Donovan* v. *Mutrie*, 265 Mass. 472. *Margeson* v. *Town Taxi, Inc.* 266 Mass. 192. *Wilson* v. *Freeman*, 271 Mass. 438. *Stafford* v. *Jones*, 292 Mass. 489.

The right of action against a city to recover damages for personal injury to a traveller on account of a defect in a public way is created and limited by the statute. G. L. (Ter. Ed.) c. 84, § 15. *Hurlburt* v. *Great Barrington*, 300 Mass. 524. *Longley* v. *Worcester*, 304 Mass. 580. A defect may be anything that renders the way inconvenient or unsafe for ordinary travel. *Gregoire* v. *Lowell*, 253 Mass. 119. *Adams* v. *Bolton*, 297 Mass. 459. It is not restricted to conditions appearing upon the surface of the way but may extend to obstructions overhanging the way and to structures and objects that may fall on or in the way. *Drake* v. *Lowell*, 13 Met. 292. *Day* v. *Milford*, 5 Allen, 98. *West* v. *Lynn*, 110 Mass. 514. *Hayes* v. *Hyde Park*, 153 Mass. 514. *Griffin* v. *Boston*, 182 Mass. 409. *Donohue* v. *Newburyport*, 211 Mass. 561. *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515. It is not necessary to determine whether the pole in question could be found to be a defect, because no such contention is made. See *Barber* v. *Roxbury*, 11 Allen, 318; *Pratt* v. *Weymouth*, 147 Mass. 245, 252. The statute, G. L. (Ter. Ed.) c. 84, § 15, does not give a right of action based upon the existence of a nuisance as distinguished from a defect — see *Kerr* v. *Brookline*, 208 Mass. 190; *Delamaine* v. *Revere*, 229 Mass. 403 — but this statute clearly manifests an intent that a traveller who is injured on account of the breach by a municipality of the statutory obligation to keep the ways "reasonably safe and convenient for travelers," G. L. (Ter. Ed.) c. 84, § 1, shall have no other remedy against the municipality. The Legislature in creating a remedy has set forth the specific grounds upon which a municipality may be held liable for an injury sustained by a traveller upon a public way, and at the same

time has safeguarded the city by providing for the giving of a written notice within a designated time, by requiring action to be brought within a certain period, by exempting the city from liability except where the defect was the sole cause of the injury, and by limiting the amount of recovery. G. L. (Ter. Ed.) c. 84, §§ 15, 18, 19, 20, 21; c. 229, § 1. An elaborate and comprehensive statutory system has been established fully and completely dealing with the subject matter. It was intended to be an exclusive remedy. The legislative intent cannot be thwarted by calling the defect a nuisance, by declining to give the required notice, by bringing suit any time within six years or by seeking to recover damages far in excess of those fixed by the statute. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 356, 357. *Salisbury* v. *Salisbury Water Supply Co.* 279 Mass. 204. *Knowlton* v. *Swampscott*, 280 Mass. 69. *Royal's Case*, 286 Mass. 374. *Rooney* v. *County of Essex*, 292 Mass. 473. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73, 75. *Gediman* v. *Cameron*, 306 Mass. 138. There can be no recovery under the statute except upon proof of a defect, and there can be no recovery outside of the statute for the additional reason that, at common law, no action will lie against a city to recover damages for personal injuries sustained by a traveller on account of a failure to keep the public way reasonably safe. *Mower* v. *Leicester*, 9 Mass. 247. *Sawyer* v. *Northfield*, 7 Cush. 490. *Rouse* v. *Somerville*, 130 Mass. 361.

A city, however, is liable at common law to one injured on account of dangerous conditions of a public way that resulted from negligence of the city, its agents or servants, in constructing or maintaining a project commercial in nature and undertaken for its own profit. *Sloper* v. *Quincy*, 301 Mass. 20. *Horton* v. *North Attleborough*, 302 Mass. 137. *Baumgardner* v. *Boston*, 304 Mass. 100. But in the present case the only functions of the pole were to furnish support for a set of signals regulating the movement of traffic and to display a sign forbidding the parking of automobiles within certain hours. This was the performance of a governmental duty in the interest of the

general public from which the city derived no commercial gain. It was not liable to one who had been injured by the negligence of its officials or employees in the performance of such work. *Hill* v. *Boston,* 122 Mass. 344. *Tainter* v. *Worcester,* 123 Mass. 311. *French* v. *Boston,* 129 Mass. 592. *Pettingell* v. *Chelsea,* 161 Mass. 368. *Haley* v. *Boston,* 191 Mass. 291. *Bolster* v. *Lawrence,* 225 Mass. 387. *Wood* v. *Oxford,* 290 Mass. 388. *Pelletier* v. *Beverly,* 292 Mass. 468. *New England Trust Co.* v. *Boston,* 300 Mass. 321. *Kraiterman* v. *Boston,* 303 Mass. 209.

The plaintiffs rely upon *Jones* v. *Great Barrington,* 273 Mass. 483, where a second count of a declaration was held to set forth allegations warranting liability of a town on the ground that an old decayed tree in control of the town, which fell against the plaintiff's house, was found to constitute a nuisance. A town, as a landowner, is liable as an individual would be if it uses its premises in such a way as to damage the land of its neighbor. *Towner* v. *Melrose,* 305 Mass. 165, and cases cited. The principle is not applicable here because the city did not own the street and it could not be held liable as a landowner. The damages sought in this count in the *Jones* case were those sustained by a building of the plaintiff upon land bounding on a public way and not, as here, for personal injuries sustained by persons while on a public way.

The result is that in the case of Whalen against the Worcester Electric Light Company the defendant's exceptions to the granting of the petition for a writ of review are sustained and the plaintiff's exceptions in that case are dismissed. In the cases against Casey, Athy and the city of Worcester the plaintiffs' exceptions are overruled.

*So ordered.*