ELAINE M. HUFF, administratrix, vs. CITY OF HOLYOKE.

Hampden.   March 3, 1982. — June 23, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Municipal Corporations*, Liability for tort. *Way*, Public: defect.

General Laws c. 229, § 1, provided the exclusive remedy for a claim
   against a city for wrongful death arising out of a defect in a public way
   inasmuch as the accident occurred prior to the enactment of G. L.
   c. 258, the Massachusetts Tort Claims Act, and such a claim could
   not, therefore, be brought as an action for common law nuisance.
   [583-586]

CIVIL ACTION commenced in the Superior Court on Au-
gust 5, 1974.

The case was tried before *Sheehy*, J., a District Court
judge sitting under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Philip O'Brien, Jr.*, for the plaintiff.

*Harold F. Brunault*, City Solicitor, for the defendant.

LIACOS, J.  Elaine Huff, administratrix of the estate of
Richard J. Huff, brought this action in the Superior Court
against the city of Holyoke (city) seeking to recover damages
for the conscious pain and suffering and wrongful death of
her intestate.  The jury returned a verdict for wrongful death
in the amount of $100,000 and for conscious suffering in the
sum of $10,000.  The trial judge vacated the jury verdict
and entered judgment for the city.  The plaintiff appealed
from this judgment, and the defendant cross appealed, rais-
ing error in the judge's instructions to the jury.[1]  We granted
the plaintiff's application for direct appellate review.

---

[1] Because we do not reinstate the vacated jury verdict, we need not dis-
cuss issues raised by the defendant's cross appeal.

The evidence presented at trial reveals that on June 25, 1973, the plaintiff's intestate, while driving his motorcycle on a public way[2] in Holyoke, struck a chain that a city employee had stretched across the street. The plaintiff's intestate subsequently died of injuries sustained in the accident. The plaintiff alleged that the chain constituted a public nuisance negligently created by a city employee, for which the city was liable. The jury found that the plaintiff's intestate was 0% negligent at the time the accident occurred and that the city was 100% negligent.

The judge, acting on the city's motion for judgment notwithstanding the verdict, set aside the jury verdict. We agree that the jury verdict should have been set aside; however, we do so on different grounds than relied on by the judge.

The Massachusetts Tort Claims Act is inapplicable to the case at bar, and thus we follow the law as it existed before August 16, 1977, the effective date of G. L. c. 258, as appearing in St. 1978, c. 512, §§ 15, 16. See *Vaughan* v. *Commonwealth*, 377 Mass. 914, 915 (1979); *Lemasurier* v. *Pepperell*, 10 Mass. App. Ct. 96, 98 (1980). The plaintiff contends that this is the proper case for this court to take up the question left unanswered in *Alholm* v. *Wareham*, 371 Mass. 621, 625 n.3 (1976), viz., whether, as a matter of common law, a municipality is liable for the creation of a

---

[2] The city argues on appeal that the street on which the plaintiff's intestate was injured was part of a park rather than a public way. The city also claims error in the jury instructions on this issue. There was evidence from which the jury could have found, as instructed, that the way, although never formally accepted as a public way, was used by the public as a public highway. See *Sullivan* v. *Worcester*, 232 Mass. 111 (1919).

The city filed requests for instructions to the jury, including a particular instruction on the definition of public way. After the judge instructed the jury, the defendant's attorney stated, "I object to the instruction on public way." This objection was inadequate to save the defendant's appellate rights on the issue because of the failure to state "distinctly . . . the grounds of his objection." See Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). The defendant cannot "assume that those grounds are apparent, either from the objection itself or from prior conversation with the court." *Miller* v. *Boston & Me. Corp.*, 8 Mass. App. Ct. 770, 773 (1979). See *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977). Nor do we find the instruction given to be inadequate.

public nuisance that causes personal injury to an individual. We do not, however, reach that question because the plaintiff has stated a cause of action that is cognizable under G. L. c. 229, § 1, and G. L. c. 84, § 15, rather than one for common law nuisance.

General Laws c. 229, § 1, imposes liability on a city if a death occurs as the result of a defect upon a way which, by law, the city is obliged to repair.[3] The right of action against a city to recover damages for the death of a traveler on account of a defect in a public way is created and limited by statute. Cf. *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. 169, 174 (1940). See *Gallant* v. *Worcester*, 383 Mass. 707, 712-713 (1981) (G. L. c. 84, § 15, imposing liability for injury caused by defect on public way and G. L. c. 229, § 1, imposing liability for death caused by same, are in pari materia); *Hurlburt* v. *Great Barrington*, 300 Mass. 524, 526 (1938). This court has defined a defect as anything in the condition or state of the roadway which renders it unsafe or inconvenient for ordinary travel. See, e.g., *Clohecy* v. *Haverhill*, 299 Mass. 378, 379 (1938); *Barber* v. *Roxbury*, 11 Allen 318, 320 (1865).[4] The plaintiff's complaint avers

---

[3] The plaintiff, having alleged conscious suffering, may also have a claim under G. L. c. 84, § 15. See *Bowes* v. *Boston*, 155 Mass. 344, 349-350 (1892) (interpreting Pub. Sts. c. 52, § 18).

[4] In *Barber* v. *Roxbury*, 11 Allen 318 (1865), the court stated, inter alia, that a defect "may consist . . . of a barrier fixed or stretched across the way, though not touching the soil of the highway." *Id.* at 320. The court held, however, that a rope stretched across the highway was not a defect because it was not attached to points "within the limits of the highway," and did not obstruct public travel until workmen "engaged in removing the stone raised the rope gradually by turning the crank to which it was attached, so as to lift the rope from the ground across the travelled space and thence up out of the way of carriages or travellers; and the rope was in the act of being so raised when it struck the plaintiff's carriage and injured the female plaintiff." *Id.* at 321. The *Barber* case is clearly distinguishable on its facts; here, the chain was attached to posts wholly within the limits of the way. Compare the facts of *Barber* with those in *Hayes* v. *Hyde Park*, 153 Mass. 514 (1891) (telephone wire which came down across a way resembled a barrier fixed or stretched across the way and hence was a defect). *Vaughan* v. *Commonwealth*, 377 Mass. 914 (1979), is distinguishable on the facts also (wire across road in State reservation is not a defect in a way, as road was not a State highway).

that her intestate, while traveling upon a public way in the exercise of ordinary care, struck a chain that the municipality, through its agent or servant, negligently stretched across the roadway. The plaintiff's intestate was thus a traveler, injured on account of the breach by the city of its statutory duty to maintain its public ways free from defects. See *Hurlburt* v. *Great Barrington, supra.* Cf. *Whalen, supra.* The complaint is one within the scope of G. L. c. 229, § 1,[5] and G. L. c. 84, § 15.

The exclusive remedy for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G. L. c. 84, § 15. *Whalen, supra* at 175. See *Hurlburt* v. *Great Barrington, supra* (liability of town to compensate person injured because of defect in highway is solely statutory). If, however, a death results from a defect in a public way (prior to the enactment of G. L. c. 258, as appearing in St. 1978, c. 512, § 15), G. L. c. 229, § 1, was the exclusive remedy against a municipality. *Whalen, supra* at 175 (no recovery against city outside of statute for traveler injured on public way); *Gallant, supra* at 712-714. "An elaborate and comprehensive statutory system has been established fully and completely dealing with the subject matter [of defects in public ways]. It was intended to be an exclusive remedy. The legislative intent cannot be thwarted by calling the defect a nuisance . . . [and] seeking to recover damages far in excess of those fixed by the statute." *Whalen, supra* at 175.

The plaintiff has not pointed to any case where a traveler has recovered damages from a municipality based on a "public nuisance" in a roadway. To the contrary, "[o]bjects resting upon the surface of a properly wrought way, if of a nature to obstruct travel . . . make the way defective." *Bowman* v. *Newburyport,* 310 Mass. 478, 481 (1941). Thus,

---

[5] If G. L. c. 258 were applicable to the instant tort claim against the municipality, the wrongful death statute, G. L. c. 229, § 2, would be controlling. See *Gallant* v. *Worcester,* 383 Mass. 707, 712-713 (1981) (limited liability provisions of G. L. c. 229, § 1, impliedly repealed by G. L. c. 258).

when a branch breaks off a tree and falls onto the highway injuring a traveler, the remedy is provided by statute. See *Miles* v. *Commonwealth*, 288 Mass. 243, 244 (1934); *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515, 520 (1920). Similarly, a wire stretched across the road in such a way as permanently to obstruct travel is a defect and the injured traveler has a statutory remedy. See *Hayes* v. *Hyde Park*, 153 Mass. 514, 515 (1891). The plaintiff cannot avert the statutory limit on the recovery of damages against a municipality for defects in the roadway applicable at the time her cause of action accrued, by framing her complaint in terms of common law nuisance. *Whalen, supra* at 175.

Accordingly, the judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion. See *Jones* v. *Wayland*, 380 Mass. 110, 114-115 (1980).

*So ordered.*