Curran, Dennis J., J.
This case arises out of the alleged negligence of Shawn O’Donnell, an employee of the Massachusetts Port Authority, who drove his tractor-trailer into a cargo container at the Conley Terminal, causing the cargo container to strike and injure Joseph Santo. Massport has moved for summary judgment on the grounds that G.L.c. 84, §15[1] is the exclusive remedy for Mr. Santo’s injuries and thus, he is barred from recovery because he failed to give Massport the requisite thirty-day notice under §18 of that statute.
For the reasons that follow, Massport’s motion is DENIED.
I. THE FACTS
On August 5, 2011, Mr. Santo, a truck driver, went to the Conley Terminal in South Boston to pick up a cargo container. Conley Terminal is a marine shipping facility owned and operated by Massport.[2] Mr. Santo parked his truck in the restricted access yard, and walked in between two cargo containers to answer the call of nature. He would soon find himself in the wrong place at the wrong time.
Meanwhile, Mr. O’Donnell was driving a tractor-trailer down the marked travel lane that runs alongside the rows of large, stacked cargo containers through the yard. He crossed over the marked travel lane and hit one of the cargo containers, which, in turn, became dislodged and fell onto Mr. Santo.
At some point before August 5, 2011, Massport increased the number of stacked cargo containers in the Conley Terminal yard from five wide to six wide— which, according to Massport, has resulted in less room to maneuver vehicles on the travel lane. Massport argues that the narrower travel lane constitutes a “defect” in a “way” so as to bring Mr. Santo’s complaint within the scope of G.L.c. 84.
II. DISCUSSION
A. The Standard
The moving party is entitled to judgment as a matter of law if it can prove that there are no genuine issues *528 as to any material fact. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). It bears the burden of affirmatively demonstrating the absence of a triable issue of fact, and showing that the summary judgment record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). It may satisfy this burden either by submitting affirmative evidence that negates an element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Comm’ns Corp., 410 Mass. 805, 809 (1991), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In deciding such a motion, the court will view the facts in the record in a light most favorable to nonmoving party, including any reasonable inferences that may be drawn in his favor. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002); Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).
B. General Laws c. 84
The principal contention of Massport is that Mr. Santo’s claim is governed exclusively by G.L.c. 84, §15, and thus, he is barred from recovery because he did not provide the required notice under §18.[3] Mr. Santo responds that his complaint is based on the negligence of Mr. O’Donnell, Massport’s employee, who was acting within the scope of his employment when he struck the cargo container, and in any event, this case does not fall within G.L.c. 84 because there was no “defect” in a “way” within the meaning of the statute.
Accordingly, the issue before this court is whether Mr. Santo’s complaint falls within the scope of G.L.c. 85, §15. There can be no question that General Laws c. 84 is the exclusive remedy against a government entify for personal injures resulting from a defect “in or upon a way.” See Huff v. Holyoke, 386 Mass. 582, 584-85 (1982); Gallant v. Worcester, 383 Mass. 707, 711-12(1981).A defect is defined broadly as “anything in the condition or state of the roadway which renders it unsafe or inconvenient for ordinary travel." Farrell v. Boston Water & Sewer Com., 24 Mass.App.Ct. 583, 584 (1987); see also Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394, 395-97 (1983) (“defect” includes the failure to properly design the way). A party seeking recovery for a violation of the statutory duties imposed by G.L.c. 84 must comply with the 30-day notice requirements of sections 15 and 18. Paddock v. Brookline, 347 Mass. 230, 231-32 (1964).
A plaintiff cannot avert statutory limits on recovery for defects in a public way by framing the complaint in terms of negligence. See Gallant v. Worcester, 383 Mass. 707, 709-10 (1981). It is equally true, however, that a plaintiff can pursue the common-law remedy for negligence without complying with the notice requirements of G.L.c. 84, §§15, 18. See, e.g., Marsden v. Eastern Gas & Fuel Assocs., 7 Mass.App.Ct. 27, 28-29 (1979) (the plaintiff is not confined to remedy provided by statute, but is free to pursue his/her remedy at common law where the defendant invited or induced public to use way).
Mr. Santo’s complaint does not allege that a narrow driving lane caused a defect in a way so as to obstruct travel and cause injury: in fact, it makes absolutely no reference to any negligence or injury with respect to the travel lane. Contra Ram v. Charlton, 409 Mass. 481, 486-89 (1991) (the plaintiffs complaint that alleged negligent design of road and the negligent failure to correct its problems fell within G.L.c. 84). That Mr. Santo did not allege a violation of G.L.c. 84 does not necessarily remove his claim from the scope of the statute. Nevertheless, it is clear that his allegation of negligence is based on Mr. O’Donnell crossing over the travel lane, striking the large cargo container and causing it to collapse onto Mr. Santo. The complaint alleges that Mr. O’Donnell breached his duly to use reasonable care in the operation of the tractor-trailer, and further, that Massport breached its duty to ensure that its employees were properly trained and supervised in the safe operation of its vehicles.
Perhaps the addition of a sixth cargo container did, in fact, narrow the travel lane, thereby increasing the likelihood that Mr. O’Donnell would hit the container if he negligently veered off the lane. Still, Mr. O’Donnell did not have to — as alleged by Mr. Santo — veer off the pathway. Even so, the presence of a narrower travel lane did not cause Mr. O’Donnell to drive off the lane and strike the cargo container. Nor did the presence of a narrower lane obstruct Mr. Santo’s way of travel so as to cause him injury. Indeed, concededly, G.L.c. 84 is only the exclusive remedy if the defect caused the injury. See Wolf v. Boston Water & Sewer Com, 408 Mass. 490 (1990) (where the pedestrian was injured when an asphalt patch collapsed on a roadway that was defectively installed); Huff, 386 Mass. at 582 (where the plaintiff, while driving his motorcycle on public way, died after he struck a chain that a city employee had stretched across street); Miles v. Commonwealth, 288 Mass. 243, 244 (1934) (where a tree branch broke off and fell into the highway injuring a traveler); Hayes v. Hyde Park, 153 Mass. 514, 515 (1891) (where a wire was stretched across road and permanently obstructed travel and injured a traveler). Here, it was the allegedly negligent actions of Mr. O’Donnell that injured Mr. Santo.[4] This is simply not the kind of claim contemplated by G.L.c. 84.
Thus, in the circumstances of this case, Mr. Santo is tree to pursue his remedy at common law. To the extent that Mr. Santo alleges that his injuries were caused by a defect on the way for which the Massachusetts Port Authority is responsible, any such claim would be properly precluded under G.L.c. 84, §18.
A hearing on this motion has been held, and both counsel were exceptional in their presentations: compelling, concise, and candidly addressed the facts that both favored and disfavored their cases. Such candor is refreshing.
*529 ORDER
Accordingly, Massport’s motion for summary judgment must be DENIED.

 The statute provides, in pertinent part:
If a person sustains bodily injury ... by reason of a defect or want of repair . . . upon a way, and such injury . . . might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair... recover damages therefore from such county, city, town or person . . .

 Ships arrive at Conley Terminal with loaded cargo containers. The cargo containers are off-loaded by cranes, and moved by tractor-trailers to a spot in the yard where they are stacked to await pick-up by independent truck drivers such as Mr. Santo.

 Mr. Santo does not argue that he did not notify Massport as allegedly required by G.L.c. 84, §18, which provides, in pertinent part: “A person so injured shall, within thirty days thereafter, give to the counfy, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage ...” He claims, obviously, that the statute is, and was, wholly inapplicable.

 Indeed, it was the negligent driving of Mr. O’Donnell, not any negligent driving on the part of Mr. Santo, that caused injury, which sharply distinguishes this case from many of the cases cited by Massport. See, e.g., Ram, 409 Mass. at 482 (where the plaintiff driver was unable to negotiate a sharp curve).