NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12842


ELMER DONIS & others[1]  vs.  AMERICAN WASTE SERVICES, LLC,
& others.[2]



Norfolk.      February 13, 2020. - July 21, 2020.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.



Massachusetts Wage Act.  Labor, Wages, Public works.  Public
    Works, Wage determination.  Statute, Construction.




Civil actions commenced in the Superior Court Department on
August 1, 2012, and February 21, 2013.

After consolidation, a motion for partial summary judgment
as to liability only was heard by Brian A. Davis, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


Robert J. Cordy (Annabel Rodriguez also present) for
American Waste Services, LLC, & another.
Nicole Horberg Decter (Paige W. McKissock also present) for
the plaintiffs.
The following submitted briefs for amici curiae:

--------

[1] Juan Florian, Melvin Granados, Wilfrido Monterroso, Edgar
Ruiz, Ismael Sabrano, Edvin Sambrano, Enrique Sarceno, Victor
Serrano, and Obdulio Albeno.

[2] Christopher Carney and Michael Galvin.

        Ben Robbins & Martin J. Newhouse for New England Legal
Foundation.
        Maura Healey, Attorney General, & Karla E. Zarbo, Assistant
Attorney General, for the Attorney General.
        Joseph Michalakes & Hannah Tanabe for Immigrant Worker
Center Collaborative.
        Kevin C. Merritt for Massachusetts Building Trades Council
& another.

        LENK, J.  In this appeal, we further define the remedies available to aggrieved employees under the Wage Act, G. L. c. 149, §§ 148, 150, and the Prevailing Wage Act, G. L. c. 149, §§ 26-27H.  The employee plaintiffs assert that, for a period of several years, they were paid less than the wages required by the Prevailing Wage Act.  They brought suit against their employer, American Waste Services, LLC (AWS), as well as two officers of AWS, Christopher Carney and Michael Galvin, to remedy this statutory violation.  A final judgment was granted to the plaintiffs on their claims under both statutes, on the ground that by violating the Prevailing Wage Act, the defendants violated the Wage Act as well.  The defendants appealed, challenging in part whether the plaintiffs could recover under the Wage Act for a violation of the Prevailing Wage Act.

        We conclude that the plaintiffs may not do so.  Allowing the plaintiffs to recover under the Wage Act would provide them with a duplicative means of recovering for the defendants' purported failure to pay their employees at rates required only by the Prevailing Wage Act.  This would render the remedies

provided by the Prevailing Wage Act meaningless. Moreover, under the Wage Act, the plaintiffs may recover directly from the officer defendants for underpayment of wages, whereas, under the applicable provision of the Prevailing Wage Act, they may not. Therefore, to preserve the Legislature's intent in enacting these separate statutes, the plaintiffs may not avoid the limitations that the Prevailing Wage Act places on their recovery by pursuing an otherwise duplicative claim under the Wage Act.[3]

1. Background. The essential facts are not contested. Defendant AWS is a Massachusetts limited liability company engaged in waste collection, recycling, and disposal. The officer defendants, Carney and Galvin, were the managers of AWS; Carney was its president, and Galvin its vice-president. The plaintiffs were employed by AWS as "shakers" on waste disposal trucks. They loaded waste into trucks and operated hydraulic levers to compact the material.

From 2006 to 2011, AWS had waste disposal contracts with the towns of Foxborough, Franklin, Medway, and Wrentham; Galvin, as vice-president of AWS, signed the contracts with these

---

[3] We acknowledge the amicus briefs submitted by the Attorney General; the New England Legal Foundation; the Immigrant Worker Center Collaborative; and the Massachusetts Building Trades Council and the Foundation for Fair Contracting of Massachusetts.

municipalities. All four of the contracts required compliance with the prevailing wage laws. The Department of Labor Standards issued prevailing wage determinations (PWDs) to municipalities per budget year, based on wages in collective bargaining agreements between employers and organized labor engaged in the waste services industry. During the period of the contracts at issue, prevailing wages varied by municipality, ranging from $18.15 to $24.81 per hour.

Both Galvin and Carney were responsible for overseeing services under these municipal contracts. Galvin paid or supervised payment, and averred that he complied with the Prevailing Wage Act for the town of Foxborough. Despite these assurances, all of the plaintiffs actually were paid less than the prevailing wage; they received between sixteen dollars and seventeen dollars per hour.

The plaintiffs commenced an action in the Superior Court against all of the defendants, seeking back wages due to a failure to pay the shakers on the municipalities' routes the prevailing wages for the period from 2006 to 2011.[4] They argued that defendants Galvin and Carney, in their roles as managers, were jointly and severally liable for all damages. In July of

---

[4] The plaintiffs also brought claims for unpaid overtime compensation, breach of contract, unjust enrichment, and quantum meruit.

2015, the plaintiffs were granted partial summary judgment. The motion judge concluded that the defendants' "chronic underpayment of the [p]laintiffs constituted a plain violation of G. L. c. 149, § 27F, as a matter of law," and that the defendants' failure to pay the plaintiffs at the prescribed wage rates also constituted a violation of the Wage Act, G. L. c. 149, § 148.

Prior to the commencement of a jury trial, the parties reached a stipulated judgment against the defendants for violations of the Wage Act and Prevailing Wage Act, and breach of contract, and the plaintiffs agreed to dismiss with prejudice the related contract claims. A final judgment was entered in 2017, and the defendants timely appealed. In May of 2019, the Appeals Court affirmed the entry of judgment on the statutory claims, but reversed judgment on the plaintiffs' breach of contract claims. See Donis v. American Waste Servs., LLC, 95 Mass. App. Ct. 317 (2019). The defendants sought further appellate review, and we granted their petition, limited to the question whether the plaintiffs could recover, under the Wage Act, for the defendants' failure to pay wage rates required by the Prevailing Wage Act.

2. Discussion. The defendants contend that the motion judge erred by concluding that the plaintiffs could pursue their underpayment claims under both the Wage Act and the Prevailing

Wage Act. The crux of the defendants' argument is that G. L. c. 149, § 27F, of the Prevailing Wage Act, provides a comprehensive scheme for regulating the payment of certain wage rates to the workers for whom it applies. They argue that it therefore precludes the plaintiff workers from pursuing a duplicative cause of action, including under the Wage Act, G. L. c. 149, §§ 148, 150, to recover for the underpayment of those wage rates.

In response, the plaintiffs maintain that the motion judge and the Appeals Court rightly concluded that the expansive language of the Wage Act allows employees to recover under it when employers fail to pay prevailing wage rates. Otherwise, they argue, the remedial purposes of both the Prevailing Wage Act and Wage Act would be frustrated.

a. Standard of review. "As the case was decided below on motions for summary judgment on an undisputed record, 'one of the moving parties is entitled to judgment as a matter of law.'" Arias-Villano v. Chang & Sons Enters., Inc., 481 Mass. 625, 627 (2019), quoting Massachusetts Insurers Insolvency Fund v. Berkshire Bank, 475 Mass. 839, 841 (2016).

Whether the Prevailing Wage Act precludes the plaintiffs from proceeding under the Wage Act "is a question of statutory interpretation, and therefore one that we review de novo." Rosnov v. Molloy, 460 Mass. 474, 476 (2011). "Where two

statutes appear to be in conflict, we do not mechanically determine that the more recent or more specific statute . . . trumps the other.  Instead, we endeavor to harmonize the two statutes so that the policies underlying both may be honored." (Quotations and citations omitted.)  George v. National Water Main Cleaning Co., 477 Mass. 371, 378 (2017).

In construing the Wage Act and the Prevailing Wage Act, we "must ascertain the intent of [each] statute from all its parts and from the subject matter to which it relates, and must interpret the statute[s] so as to render the legislation effective, consonant with sound reason and common sense." Harvard Crimson, Inc. v. President & Fellows of Harvard College, 445 Mass. 745, 749 (2006).  See Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 601 (2010), S.C., 465 Mass. 197 (2013) ("our primary duty in interpreting a statute is to effectuate the intent of the Legislature in enacting it" [quotation and citation omitted]).  See also Ropes & Gray LLP v. Jalbert, 454 Mass. 407, 412-413 (2009).

b.  Statutory provisions.  General Laws c. 149, § 148, of the Wage Act requires that "[e]very person having employees in his [or her] service shall pay . . . each such employee the wages earned by him [or her]" within a prescribed time period. "The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be

deemed to be the employers of the employees of the corporation within the meaning of this section." Id. Certain employees, such as "employee[s] of a hospital which is supported in part by contributions from the commonwealth," are expressly exempted from the coverage of the Wage Act. Id. Otherwise, the Wage Act provides that "[n]o person shall by a special contract with an employee or by any other means exempt himself [or herself] from [the Wage Act]." Id.

"Whoever violates this section shall be punished or shall be subject to a civil citation or order as provided in [G. L. c. 149, § 27C]." G. L. c. 149, § 148. General Laws c. 149, § 27C, sets forth criminal penalties for varying levels of misconduct, and provides that "[a]s an alternative to initiating criminal proceedings . . . the attorney general may issue a written warning or a civil citation." G. L. c. 149, § 27C (b) (1).

In addition to these penalties, a separate section of the Wage Act, G. L. c. 149, § 150, creates a private right of action for employees.[5] It provides that

---

[5] "No employee shall be penalized by an employer in any way as a result of any action on the part of an employee to seek his or her rights under the wages and hours provisions of this chapter." G. L. c. 149, § 148A. Should an employer attempt such retaliation, the employer "shall have violated this section and shall be punished or shall be subject to a civil citation or order as provided in [§] 27C." Id.

"an employee claiming to be aggrieved by a violation of . . . [§] 148 . . . may, [ninety] days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within [three] years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits . . . . An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees."

This private right of action expressly applies to violations of several wage-related statutes. Notably, neither § 27F nor any other section of the Prevailing Wage Act is among them. See G. L. c. 149, § 150.

The Prevailing Wage Act is structured very differently from the Wage Act. Rather than provide the same protections to nearly all workers across the Commonwealth, the Prevailing Wage Act applies only to workers employed on certain public works projects. See G. L. c. 149, §§ 26-27H. For each kind of project to which it applies, the Prevailing Wage Act provides a mechanism for setting and enforcing minimum wage rates. Under the section of the Prevailing Wage Act applicable here,[6]

"[n]o agreement of lease, rental or other arrangement, and no order or requisition under which a truck or any automotive or other vehicle or equipment is to be engaged in public works by the commonwealth or by a county, city,

---

[6] The defendants do not contest that shakers like the plaintiffs operate "equipment" on waste trucks, and thus are employees within the meaning of G. L. c. 149, § 27F, of the Prevailing Wage Act when engaged in public works.

town or district, shall be entered into or given by any public official or public body unless said agreement, order or requisition contains a stipulation requiring prescribed rates of wages, as determined by the commissioner [of the Department of Labor Standards], to be paid to the operators of said trucks, vehicles or equipment."

G. L. c. 149, § 27F. "Whoever pays less than said rates of wages . . . and whoever accepts for his own use, or for the use of any other person . . . any part or portion of said wages or health and welfare funds, shall have violated this section . . . ." Id.

As with the Wage Act, whoever violates the Prevailing Wage Act "shall be punished or shall be subject to a civil citation or order as provided in [§] 27C." Id. Unlike § 148 of the Wage Act, however, § 27F is not one of the statutes to which the private right of action established in G. L. c. 148, § 150, applies. Instead, § 27F of the Prevailing Wage Act provides its own distinct private right of action.[7] See G. L. c. 149, § 27F. This cause of action carries the same three-year statute of limitations and entitlement to treble damages and reasonable attorney's fees as is provided under the Wage Act. See id. Section 27F of the Prevailing Wage Act does not, however, expressly include corporate officers and agents within the definition of "employer," while the Wage Act does.

―――――――――――――――

[7] The Legislature added a private cause of action to the Prevailing Wage Act, along with other new provisions, in 1993. See St. 1993, c. 110, § 177.

c.    Purposes of the Wage Act and Prevailing Wage Act.

Although both the Wage Act and Prevailing Wage Act apply to the

payment of wages to employees, they address distinct concerns.

"The purpose of the Wage Act is 'to prevent the unreasonable

detention of wages.'"  Lipsitt v. Plaud, 466 Mass. 240, 245

(2013), quoting Melia v. Zenhire, Inc., 462 Mass. 164, 170

(2012).  To further that end, the Legislature has expanded the

types of employees covered by the Wage Act, see Melia, supra

at 171; extended liability to include corporate officers, see

St. 1932, c. 101, § 1; and, more recently, created the private

right of action under which the plaintiffs seek to recover, see

St. 1993, c. 110, § 182.  We repeatedly have rejected

constructions of the Wage Act that would impose "a limitation

where the statutory language does not require it."  Depianti v.

Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 621 (2013),

quoting Psy-Ed Corp. v. Klein, 459 Mass. 697, 708 (2011).

The Prevailing Wage Act serves a more narrow purpose; it

"govern[s] the setting and payment of wages on public works

projects,"  McCarty's Case, 445 Mass. 361, 370 (2005) (Sosman,

J., concurring).  Its primary goal is "to achieve parity between

the wages of workers engaged in public construction projects and

workers in the rest of the construction industry" (citation

omitted).  Mullally v. Waste Mgt. of Mass., Inc., 452 Mass. 526,

532 (2008).  In so doing, the Prevailing Wage Act not only

protects an employee's interest in receiving a wage commensurate with his or her labor, it also prevents a contractor from "offer[ing] its services for less than what is customarily charged by its competitors for nonpublic works contracts."  Id. at 533.[8]

d.  Whether the Prevailing Wage Act and the Wage Act conflict.  Because the Prevailing Wage Act and the Wage Act address related, but distinct, concerns, these statutes often can work in tandem.  Our decision in Fernandes v. Attleboro Hous. Auth., 470 Mass. 117, 127 (2014), provides a useful analogue.  There, we held that a housing authority employee could recover under the Wage Act where his employer failed to pay him the wage rates required by civil service law.  Id. (interpreting wage requirements under G. L. c. 121B, § 29, and G. L. c. 149, §§ 148, 150).  By so doing, we rejected the defendant's argument that the plaintiff's exclusive remedy was to file a complaint with the Civil Service Commission, as permitted under G. L. c. 31, §§ 41-45.  Id.

---

[8] As the United States Court of Appeals for the First Circuit has recognized, the Prevailing Wage Act is analogous to the Davis-Bacon Act, which sets minimum prevailing wages on Federal construction projects.  See American Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 74 n.5 (1st Cir. 2008) (referring to Prevailing Wage Act as "Little Davis-Bacon Act"); 40 U.S.C. §§ 3141-3144.

In Fernandes, 470 Mass. at 125, "the central thrust of [the plaintiff's] action was [his employer's] purported violations of the Wage Act, and not its alleged failure to act with 'just cause' [in violation of G. L. c. 31, § 41]."  "Although the Commissioner of Labor and Industries is authorized under G. L. c. 121B, § 29, to 'determine rates of wages' for each classification of work performed by laborers for a housing authority, neither that statutory provision nor G. L. c. 31, §§ 41-45, address the unlawful withholding of earned wages by an employer.  It is the Wage Act that speaks to and provides remedies for such prohibited employer conduct."  Id. at 127.  Thus, we concluded that the plaintiff's Wage Act claims presented a distinct cause of action under which he could recover without duplicating other statutory remedies available to him.  Id.  Otherwise, the plaintiff would have been entitled to a statutorily mandated wage rate, but would have had no recourse by which to recover it.  See G. L. c. 121B, § 29.

Similarly, while the Prevailing Wage Act establishes what rates of wages are owed to certain employees, and provides a private right of action for the failure to pay those rates, it provides no recourse when an employer withholds the timely payment of wages, or takes adverse actions against an employee

seeking to recover those wages.[9]  As the defendants acknowledge, under those circumstances, the plaintiffs could pursue claims under both the Prevailing Wage Act and the Wage Act to remedy distinct violations.  Each statute would play its own role, and there would be no conflict between them.

Here, however, the "central thrust" of the plaintiffs' action is that the defendants failed to pay them at the rates required by the Prevailing Wage Act.  They put forward no basis for their Wage Act claims other than this violation of the Prevailing Wage Act, which itself already provides its own remedy.  Permitting a plaintiff to recover under the Wage Act for a violation of the Prevailing Wage Act would thus render the private right of action created by the Prevailing Wage Act utterly unnecessary, thereby violating the canon of statutory construction against superfluity.  See Monell v. Boston Pads, LLC, 471 Mass. 566, 576 (2015) ("wherever possible, no provision of a legislative enactment should be treated as superfluous" [citation omitted]).

---

[9] Unlike some statutes, § 27F of the Prevailing Wage does not state expressly that it is the exclusive remedy for any improper employer actions related to the payment of prevailing wages.  Compare G. L. c. 149, § 27F, with G. L. c. 152, § 24. We have recognized, however, that a statutory remedy nonetheless may be exclusive by implication.  See, e.g., Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 175 (1940) (interpreting G. L. c. 84, § 15, as exclusive remedy).

Had the Legislature intended for violations of the Prevailing Wage Act to be remedied under the Wage Act, it could have structured these statutes to reflect that intent. As noted supra, the Legislature could have included § 27F or other sections of the Prevailing Wage Act amongst the statutory violations punishable under G. L. c. 149, § 150, of the Wage Act. Or, the Legislature simply could have omitted a private cause of action from the Prevailing Wage Act, thus implying that aggrieved employees would have to look elsewhere for a remedy, including under the Wage Act. Instead, the Legislature opted to create a unique cause of action for violations of § 27F of the Prevailing Wage Act; we will not adopt unnecessarily a construction of these statutes that effectively would undo this legislative decision.

Moreover, permitting recovery under the Wage Act would eliminate meaningful limitations on the plaintiffs' ability to proceed under the Prevailing Wage Act. While the plaintiffs may recover directly from certain individuals who are not otherwise deemed employers under the Wage Act for failure to pay wages in accordance with that act, under § 27F of the Prevailing Wage Act, they may not.[10]

---

[10] Section 27F of the Prevailing Wage Act does establish individual liability for officers and agents, in specific circumstances, for "whoever accepts for his own use, or for the use of any other person, as a rebate, gratuity or in any other

While the Wage Act expressly provides that certain corporate officers and agents may be held liable for failing to pay wages in accordance with that statute, see G. L. c. 149, § 148, § 27F of the Prevailing Wage Act does not.  "[T]he omission of particular language from a statute is deemed deliberate where the Legislature included [the] omitted language in related or similar statutes" (citation omitted).  Commonwealth v. Johnson, 482 Mass. 830, 835 (2019).  "If the Legislature intentionally omits language from a statute, no court can supply it."  Doe v. Superintendent of Sch. of Worcester, 421 Mass. 117, 128 (1995).

Although § 27F of the Prevailing Wage Act states that "[w]hoever pays less than said rates of wages . . . shall have violated this section," the term "whoever"[11] does not, by itself, expand liability beyond the employer.  We do not read the broad phrase "whoever fails to pay" in isolation; rather, we look to the broader statutory context to discern its meaning.  See

_____

guise, any part or portion of said wages."  G. L. c. 149, § 27F. The plaintiffs do not contend that either of the individual defendants separately violated this anti-kickback provision.  We do not interpret this provision as applying to circumstances where the sole claim is that the defendants failed to pay prevailing wage rates.  Doing so would render the cause of action for a failure to "pay[] less than said rates of wages" redundant.  See id.

[11] In general, the term "whoever," like the term "person," "includ[es] corporations, societies, associations and partnerships."  G. L. c. 4, § 7.

*LeClair* v. *Norwell*, 430 Mass. 328, 333 (1999). The same phrase describing liability -- "whoever fails to pay" -- also appears in another section of the Prevailing Wage Act. See G. L. c. 149, § 27. As under the Wage Act, this section of the Prevailing Wage Act was amended expressly to include certain corporate officers and agents within the definition of "employer." See St. 1998, c. 236, § 6. If the preexisting term "whoever" already encompassed these corporate officers and agents, then this amendment to G. L. c. 149, § 27, would be mere surplusage. See *City Elec. Supply Co*. v. *Arch Ins. Co*., 481 Mass. 784, 790 (2019) ("[T]he canon against surplusage is strongest when," as here, "an interpretation would render superfluous another part of the same statutory scheme" [citation omitted]).

Further, the legislative history of § 27F of the Prevailing Wage Act reflects that omitting nonemployer personal liability was a deliberate choice on the part of the Legislature. As noted *supra*, the Legislature amended G. L. c. 149, § 27, in 1998 to redefine the term "employer" expressly to include certain officers and agents. See St. 1998, c. 236, § 6. This new definition applied to several sections of the Wage Act, including provisions regarding employees working on public construction works. See G. L. c. 149, §§ 26-27. Notably, however, this new definition did not extend to § 27F, and

employees operating trucks and related equipment on public works projects. See St. 1998, c. 236, § 6 (expanding definition of "employer" under G. L. c. 149, §§ 26-27B, of Prevailing Wage Act). In a different section of that act, the Legislature made other amendments to § 27F, but left the definition of "employer" untouched. See St. 1998, c. 236, § 8. The Legislature was cognizant of the provisions of § 27F, and readily could have extended the broader definition of "employer" to it, but apparently chose not to do so.[12]

---

[12] The background of the 1998 amendments sheds some light on the reasons why the Legislature might have made corporate officers and agents liable for violations of some sections of the Prevailing Wage Act, but not others. These amendments occurred while the Central Artery/Tunnel construction project (the so-called "Big Dig") was underway, at a time when the "enforcement of prevailing wage laws [was] a problem on some Big Dig contracts." It's obvious who's man of the House, Boston Globe, Apr. 22, 1998. Indeed, that year, the Attorney General's office created a special "Big Dig" "enforcement team" to combat perceived ongoing violations of the Prevailing Wage Act and other labor laws. Yearly Report of the Office of the Attorney General, at 19 (1998). In the face of these problems, the Attorney General and leaders of major labor unions, including the AFL-CIO and Massachusetts Builder Trades Council jointly authored a bill that became St. 1998, c. 236. See 1998 Senate Doc. No. 25. This bill created officer and agent liability under the sections of the Prevailing Wage Act that deal with the construction of public works like the "Big Dig," thus granting the Attorney General greater enforcement powers and offering new protections to workers, including union members, employed on such projects. Given this historical context, it is not surprising that the Legislature opted not to do the same for provisions of the Prevailing Wage Act that are unrelated to construction projects, such as G. L. c. 149, § 27F.

Accordingly, allowing the plaintiffs to proceed against the individual defendants under a Wage Act claim, where they could not under the Prevailing Wage Act, would vitiate the Legislature's decision to create different scopes of liability for those who are not employers under these statutes.

e. Whether the Prevailing Wage Act precludes the plaintiffs' Wage Act claims. Whereas the Prevailing Wage Act and the Wage Act provide conflicting mechanisms to recover the same underpayment of wages, we must consider whether the plaintiffs nonetheless may proceed under both. Our prior precedents dictate that, in this instance, the plaintiffs may recover solely under the Prevailing Wage Act.

When analyzing the statutory scheme of the Prevailing Wage Act, we have noted that claims under it present a situation "where an employee would have no recognized cause of action but for the statutes' imposition of obligations on employers." Lipsitt, 466 Mass. at 247 n.11. Indeed, some Federal courts have concluded that, because the Prevailing Wage Act is "seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the common law, including such as are remedial in nature, are thereby superseded." O'Leary v. New Hampshire Boring, Inc., 323 F.R.D. 122, 127 (D. Mass. 2018). See George v. National Water

Main Cleaning Co., 286 F.R.D. 168, 187-188 (D. Mass. 2012) (accord).

We have recognized that "a plaintiff should not be allowed to circumvent procedural or other requirements imposed by a particular statute by pleading a common-law cause of action that asserts a right created under that statute and not previously recognized at common law." Lipsitt, 466 Mass. at 247 n.11 & 249. See Huff v. Holyoke, 386 Mass. 582, 585 (1982) ("An elaborate and comprehensive statutory system has been established fully and completely dealing with the subject matter . . . . It was intended to be an exclusive remedy. The legislative intent cannot be thwarted by calling the defect a nuisance . . . [and] seeking to recover damages far in excess of those fixed by the statute"). Here, the plaintiffs seek to do this very thing, but by pursuing a claim under another statute rather than pursuing a common-law cause of action. We see no reason why a plaintiff should be able to evade procedural limitations that the Legislature has adopted, simply by stating a duplicative statutory claim.

Our interpretation of the Wage Act and the overtime pay provisions of G. L. c. 151, § 1A, in Crocker v. Townsend Oil Co., 464 Mass. 1 (2012), further suggests that these plaintiffs may not proceed under the Wage Act. There, we addressed whether the plaintiffs could recover for their employer's failure timely

to pay wages, including statutorily mandated overtime payments, under the Wage Act.  Although the overtime pay provision of G. L. c. 151, § 1A, establishes its own private right of action, the shorter two-year limitations period in that statute had lapsed.  Crocker, supra at 6-7.  We concluded that the plaintiffs nonetheless could "recover" under the Wage Act "compensation earned for the hours they worked, including the overtime hours they worked but for which they were not paid" (emphasis added).  Id. at 3.  The plaintiffs were limited, however, to recovering those unpaid wages at the ordinary rates provided by the Wage Act, and not the overtime premiums established by G. L. c. 151, § 1A.  This limitation struck "a balance between the Legislature's intent behind the Wage Act that employees receive timely payment of wages" and "the Legislature's intent to draw a nominal distinction between overtime wages and regular wages by establishing different statute of limitations periods."  Crocker, supra at 7.

Following Crocker, we hold that the plaintiffs may not recover under the Wage Act, where their only contention is that the defendants failed to pay the wage rates mandated by the Prevailing Wage Act.  If, as in Crocker, the plaintiffs had argued that the defendants did not pay them for the hours they had worked, the plaintiffs' Wage Act claims would represent a distinct cause of action under which they could seek recovery.

Where, however, the sole basis for their claim is a violation of the Prevailing Wage Act, the plaintiffs may not restate their claims under the Wage Act to evade the limitations of the Prevailing Wage Act on the scope of potentially liable defendants. This determination strikes the proper balance between achieving the remedial purposes underlying these statutes, while respecting the Legislature's expressed intent to create distinctions between them.

f. <u>Whether precluding the plaintiffs' Wage Act claims frustrates the purpose of these statutes</u>. The plaintiffs maintain that denying them recovery under both the Wage Act and the Prevailing Wage Act will bar them from recovering the full measure of the wages that they are owed. They assert that if they cannot proceed against the officer defendants, the protections of the Prevailing Wage Act could be evaded through misuse of the corporate or limited liability company form.

Specifically, the plaintiffs argue that defendants would have incentives to set up limited liability companies and ordinary corporations as nominal employers, but intentionally leave those entities with little in the way of assets. Then, in the event that a Prevailing Wage Act claim were brought against such an entity, the undercapitalized employer entities would be incapable of paying any recovery, and the responsible individuals would pay nothing.

While we are mindful that foreclosing the plaintiffs' claims under the Wage Act theoretically could have an impact on their ability to recover, it is not clear that requiring the plaintiffs to proceed solely under the Prevailing Wage Act would produce a different recovery in most cases. Under several sections of the Prevailing Wage Act, plaintiffs are able to recover against officers and agents to the same extent as they would under the Wage Act. See G. L. c. 149, § 27. For those plaintiffs, the inability to proceed under the Wage Act for a violation of the Prevailing Wage Act would have no impact on their recovery at all.

Even in cases under § 27F of the Prevailing Wage Act, where plaintiffs are limited to recovering against their employer, plaintiffs have tools at their disposal to facilitate that recovery. The plaintiffs in this case, for example, sought and received both an order of attachment, and a preliminary injunction and an accounting, against their employer, AWS. Further, if corporate officers and agents abuse the corporate registration process in an attempt to avoid paying damages under the Prevailing Wage Act, plaintiffs may be able to pursue recovery against those officers and agents through piercing the corporate veil.[13] See Lipsitt, 466 Mass. at 253-254 (Wage Act

---

[13] "The doctrine of corporate disregard is an equitable tool that authorizes courts, in rare situations, to ignore corporate

claim against individual defendant should not have been dismissed where complaint plausibly pleaded basis for veil piercing).

In any event, we will not override the will of the Legislature by reading into these statutes additional protections for employees that their authors did not choose to provide. See Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006) ("We do not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include"). To the extent that more expansive liability might be desirable as a matter of public policy, that argument is best addressed to the Legislature.

3. Conclusion. The order allowing the plaintiffs' motion for partial summary judgment is reversed.

So ordered.

---

formalities, where such disregard is necessary to provide a meaningful remedy for injuries and to avoid injustice . . . [or] to carry out legislative intent and to avoid evasion of statutes" (citation omitted). Attorney Gen. v. M.C.K., Inc., 432 Mass. 546, 555 (2000).