Brennan, J.
After terminating the defendants’ commercial tenancy by a fourteen-day notice to quit for nonpayment of rent, the plaintiff-landlord, Mouawad, LLC (“Mouawad”), filed this summary process action to recover possession of the leased premises, unpaid rent due, interest, costs, and attorney’s fees. Following a jury-waived trial, the court awarded possession and $9,075.38 in damages to Mouawad, but noted in a written decision that it “does not award any attorney’s fees at this time.” Mouawad has appealed only the court’s refusal to award attorney’s fees.
1. “Although Massachusetts generally follows the ‘American rule,’ which holds each party responsible for its costs of litigation, an exception exists where the parties ‘provide in an agreement that, in certain circumstances, one of them may be obligated to pay the other’s attorney’s fees, incurred in asserting rights under the agreement.’” Eastern Holding Corp. v. Congress Fin. Corp., 74 Mass. App. Ct. 737, 743 (2009), quoting Carter v. Warren Five Cents Sav. Bank, 409 Mass. 73, 80 (1991). See Meredith Mgt. Corp. v. Waterman, 2010 Mass. App. Div. 8, 11. In this case, the lease provided for payment of attorney’s fees in the event of a default by the defendants that necessitated retaining counsel to enforce the lease. The lease provided:
If the LESSOR makes any expenditures or incurs any obligations for the payment of money in connection [with default by the LESSEE], including but not limited to, reasonable attorney’s fees in instituting, prosecuting or defending any action or proceeding, such sums paid or obligations incurred, with interest at the rate of 18 percent per annum and costs, shall be paid to the LESSOR by the LESSEE as additional rent.
There is no dispute that Mouawad retained legal counsel in bringing this summary process action for the defendants’ failure to pay rent. Nor is it disputed that counsel properly included a claim for reasonable attorney’s fees, and submitted to the court *214 an affidavit of his time and charges. The trial court’s failure to award attorney’s fees was error.
2. Mouawad has requested that, instead of returning this case to the trial court, this Division determine and award reasonable attorney’s fees for the legal services provided by its counsel in the trial court. We decline to do so. ‘What is a reasonable fee is a question of fact for the trial judge.” Grimes v. Perkins Sch. for the Blind, 22 Mass. App. Ct. 439, 441 (1986). See Kurker v. National Grange Ins. Co., 1988 Mass. App. Div. 182, 185. The trial court, familiar with Mouawad’s attorney’s services in this case, is in the better position to apply the factors relevant to an award of reasonable attorney’s fees. See WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 236 (2005) (listing relevant factors).
3. Mouawad’s brief includes a request for appellate attorney’s fees, supported by affidavit, in conformity with Yorke Mgt. v. Castro, 406 Mass. 17, 20 (1989). We award Mouawad $1,000.00 in appellate attorney’s fees.
Accordingly, judgment for the plaintiff is vacated, the denial of Mouawad’s request for trial court attorney’s fees is reversed, and this case is returned to the Dudley District Court for the calculation and award of reasonable attorney’s fees. A judgment shall then be entered for Mouawad that shall include the reasonable attorney’s fees awarded by the trial court and $1,000.00 in appellate attorney’s fees awarded by this Division.
So ordered.