Hand, J.
In May, 2010, appellant John M. Grady (“Grady”) filed suit in this action against Joseph P. Cloherty and Cloherty Construction, Inc. (together, “Cloherty”) alleging violations of the Massachusetts Wage Act, G.L.c. 149, §150 and G.L.c. 151, §1B. Cloherty was defaulted for failure to appear at a pretrial conference; Grady requested a hearing on the assessment of damages. After hearing, the trial judge found that Cloherty was Grady’s employee, that Cloherty had violated G.Lc. 149, §148 and G.L.c. 151, §1A, and that the amount of wages due to Grady was $7,554.00. As the court correctly noted, G.L.c. 149, §150, governing the award of damages for violations of G.Lc. 149, provides for treble damages for violations of G.L.c. 149, §148.
An employee claiming to be aggrieved by a violation of sections ... 148 [payment of wages provisions]... 148B [classification of employees] ...may ... institute and prosecute in his own name and on his own behalf... a civil action for... any damages incurred, and for any lost wages and other benefits. An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys’ fees.
G.L.c. 149, §150. While recognizing the treble damages provision included in this section, the trial court awarded only single damages. In doing so, the judge relied on the following language in Oliveira v. ICLB, Inc., 2010 Mass. App. Div. 96: “Notwithstanding the use of the word ‘shall’ [in G.Lc. 149, §150], the award of treble damages appears to be ‘in a judge’s discretion.’” Id. at 100 n.2.
Grady has appealed based on the court’s failure to award him treble damages. On review, we find that despite the dictum in Oliveira, §150 mandates the trebling of lost wages awarded as damages for violations of G.Lc. 149, §148.
Section 150 of G.L.c. 149 was amended in 2008. Prior to that amendment, §150 explicitly permitted a trial judge to award treble damages for Wage Act violations *66 like those at issue in the present case, but did not mandate such an award:
Any employee claiming to be aggrieved by a violation of [the Wage Act or certain other statutes] may, at the expiration of ninety days after the filing of a complaint with the attorney general... institute and prosecute in his own name and on his own behalf... a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits.
G.L.c. 149, §150, as amended through St. 2005, c. 99, §2. This language left the award of treble damages to the trial court’s discretion. See Rosnov v. Molloy, 460 Mass. 474, 478 (2011), citing Wiedmann v. Bradford Group, 444 Mass. 698, 709 (2005).
In amending the statute to its present form, however, the Legislature changed the portion of G.L.c. 149, §150 addressing treble damages. Where the prior iteration of the statute permitted the trial court to impose treble damages, the 2008 amendment provided that treble damages “shall be” awarded. St. 2008, c. 80, §5. The change eliminated any discretion the trial court previously had in deciding whether to award treble damages under this section. See Rosnov, supra at 480 (“[W]here only a potential for treble damages existed before, certainty of their imposition is now the rule. The 2008 amendment to §150 increases a defendant’s measure of liability because the discretion of a judge not to award treble damages ... has been removed; treble damages must be awarded.”). See also Wiedmann, supra at 709 n.13 (prevailing employee also entitled to an award of the costs of litigation and reasonable attorney’s fees). Notwithstanding the dictum in Oliveira, the relevant statutory language allows a judge no discretion in awarding treble damages. Accordingly, the damages award in this case is vacated, and we return the case to the trial court for reassessment of damages.
Grady’s brief includes a request for appellate attorney’s fees. As Grady has prevailed on this appeal, he is entitled to recover attorney’s fees. See, e.g., Yorke Mgt. v. Castro, 406 Mass. 17, 20 (1989); Mouawad, LLC v. Dezines, LLC, 2010 Mass. App. Div. 213, 214. Following the procedures set forth in cases including Fabre v. Walton, 441 Mass. 9,10-11 (2004), Grady shall, within fifteen days of receipt of this opinion, submit to this Division the requisite request for attorney’s fees, with supporting affidavit and other materials, describing plaintiff’s counsel’s professional experience and qualifications, and itemizing fees with a detailed description of the legal service, the date rendered, the amount of time involved, and the hourly rate charged, together with an itemization of appellate costs.
Judgment for the plaintiff is vacated, and the case is returned to the Edgartown Division of the District Court Department for a new assessment of damages consistent with this opinion.
So ordered.