NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12191

ROBERT GEORGE & others[1]  vs.  NATIONAL WATER MAIN CLEANING
COMPANY & others.[2]


Suffolk.     February 14, 2017. - June 26, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.


Supreme Judicial Court, Certification of questions of law.
    Massachusetts Wage Act.  Labor, Wages, Failure to pay
    wages, Damages.  Damages, Interest.  Interest.  Judgment,
    Interest.  Practice, Civil, Interest, Judgment, Damages.



    Certification of a question of law to the Supreme Judicial
Court by the United States District Court for the District of
Massachusetts.


    Adam J. Shafran (Jonathon D. Friedmann also present) for
the plaintiffs.
    Richard L. Alfred (Dawn Reddy Solowey & Anne S. Bider also
present) for the defendants.

---

[1] Michael Curvin, Mark Bassett, Kevin Colvin, Justin Kordas,
Carlos Villarreal, Paul Dockett, Jon Eldridge, Chris Myers, Zef
Zeka, Paul LeDoux, Erik Paiva, Jeffrey David, and Chris
Mirisola, individually and on behalf of all others similarly
situated.

[2] Carylon Corporation, Dennis Sullivan, Antonino
LaFrancesca, and Carl Cummings.

John Pagliaro & Martin J. Newhouse, for New England Legal Foundation, amicus curiae, submitted a brief.

Annette Gonthier Kiely, Kathy Jo Cook, Thomas R. Murphy, & Timothy J. Wilton, for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.

GANTS, C.J.  Several employees of National Water Main Cleaning Company filed a class action suit against the company and its parent company, Carylon Corporation, in the Superior Court, alleging, among other claims, nonpayment of wages in violation of the Massachusetts Wage Act, G. L. c. 149, §§ 148, 150 (Wage Act).  After the case was removed to the United States District Court for the District of Massachusetts, the judge granted final approval of a class settlement agreement that resolved all outstanding issues except one question of law.  To resolve that question, the judge certified to this court the following question pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981):

> "Is statutory interest pursuant to [G. L. c. 231, § 6B or 6C,] available under Massachusetts law when liquidated (treble) damages are awarded pursuant to [G. L. c. 149, § 150]?"

In answer to the question, we declare that, under Massachusetts law, statutory prejudgment interest pursuant to G. L. c. 231, § 6H, shall be added by the clerk of court to the amount of lost wages and other benefits awarded as damages pursuant to G. L. c. 149, § 150, but shall not be added to the additional amount of the award arising from the trebling of those damages as

liquidated damages.[3]

Interpretation of the certified question.  Before we answer the certified question, which the judge issued at the joint request of the parties, we must first ascertain its meaning. The question is an inquiry into the availability of statutory interest pursuant to two statutes:  G. L. c. 231, § 6B, which directs the clerk of court to add interest at the rate of twelve per cent per year to awards of judgment "for personal injuries to the plaintiff or for . . . damage to property"; and G. L. c. 231, § 6C, which directs the clerk to add interest at the same twelve per cent rate to awards of judgment "[i]n all actions based on contractual obligations."  The parties appear to treat the certified question essentially as two questions: first, whether Wage Act claims fall within the scope of either § 6B or § 6C, and second, if they do, whether prejudgment interest should be added to the award of damages for lost wages and other benefits where § 150, as amended in 2008, provides for the trebling of those damages and characterizes such an award as "liquidated damages."  We decline to answer the first of these questions because, even if prejudgment interest could not be added to Wage Act awards under § 6B or § 6C, it plainly could be

_____

[3] We acknowledge the amicus briefs submitted by the New England Legal Foundation and the Massachusetts Academy of Trial Attorneys.

added under G. L. c. 231, § 6H, which declares that interest at the rate of twelve per cent per year shall be added to the award of damages "[i]n any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law." The question we shall answer, which we consider to be the true gist of the certified question, is whether the Legislature, when it amended § 150 in 2008 to require the award of treble damages on Wage Act judgments and characterized the award as "liquidated damages," intended that prejudgment interest not be added to any part of this award because such interest was included within the scope of "liquidated damages."[4] See Tyler v. Michaels Stores, Inc., 464 Mass. 492, 499 n.12 (2013) (declining to limit answer to narrow confines of certified question where broader discussion was necessary to articulate law regarding issue presented).

---

[4] We note from the record that the parties initially had agreed that the unresolved legal issue in their settlement agreement would be resolved through this court's answer to the certified question in Travers v. Flight Servs. & Sys., Inc., 808 F.3d 525, 551 (1st Cir. 2015), which asked: "Did [G. L. c. 149, § 150,] impliedly repeal [G. L. c. 231, § 6B,] as to cases in which a party was awarded liquidated damages under § 150 and is eligible for prejudgment interest under § 6B, such that the award of prejudgment interest is precluded?" That resolution became impossible when the Travers case settled and the certified question was withdrawn. That certified question assumed that an award under the Massachusetts Wage Act, G. L. c. 149, § 150 (Wage Act), would include prejudgment interest under § 6B unless the Legislature had impliedly repealed that provision as applied to Wage Act awards.

Discussion.  The Wage Act was enacted "to protect wage earners from the long-term detention of wages by unscrupulous employers."  Melia v. Zenhire, Inc., 462 Mass. 164, 170 (2012), quoting Cumpata v. Blue Cross Blue Shield of Mass., Inc., 113 F. Supp. 2d 164, 167 (D. Mass. 2000).  Employers violate the Wage Act when they fail to pay "each . . . employee the wages earned" and when they fail to do so within the time period set by statute.  See G. L. c. 149, § 148.

Before the 2008 amendment, G. L. c. 149, § 150, provided that an aggrieved employee may initiate "a civil action for . . . any damages incurred, including treble damages for any loss of wages and other benefits" and, if he or she prevails, "shall be entitled to an award of the costs of the litigation and reasonable attorney fees."  St. 2005, c. 99, § 2.  In Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 709 (2005), we noted that the text of this statute "states only that a plaintiff 'may' institute a suit for damages that includes a request for treble damages," and concluded that "there is nothing in the plain language of the statute that requires an award of treble damages."  We declined to require a judge to award treble damages to a prevailing plaintiff where the plain language of § 150 did not require it, and declared that the award of treble damages in Wage Act cases was a decision left to the discretion of the judge.  Id. at 710.  This conclusion was

similar to the conclusion we reached in Goodrow v. Lane Bryant, Inc., 432 Mass. 165, 178-179 (2000), where we rejected the argument that the award of treble damages was mandatory once a plaintiff requested such an award for an employer's failure to pay required overtime compensation, in violation of G. L. c. 151, § 1B.  Wiedmann, supra.  We noted that we had declared in Goodrow that "treble damages are punitive in nature, allowed only where authorized by statute, and appropriate where conduct is 'outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'"  Wiedmann, supra, quoting Goodrow, supra at 178.

Three years after we decided Wiedmann, the Legislature "effected a critical change in the language of the statute, removing the provision that treble damages 'may' be awarded, and replacing it with the directive that treble damages 'shall be awarded.'"  Rosnov v. Molloy, 460 Mass. 474, 479 (2011).  Under G. L. c. 149, § 150, as amended through St. 2008, c. 80, § 5, where an aggrieved employee prevails in a civil action seeking damages under the Wage Act, the employee "shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees."[5]  By its plain

---

[5] General Laws c. 149, § 150, provides, in pertinent part:

language, the 2008 amendment to § 150 mandates the award of treble damages for lost wages and benefits once an aggrieved employee prevails on a Wage Act claim; the plaintiff no longer need show that the defendant's conduct was "outrageous" to obtain such an award.

The 2008 amendment did more than mandate the award of treble damages to a prevailing plaintiff in a Wage Act case; it characterized the treble damages "as liquidated damages."  The

---

"An employee claiming to be aggrieved by a violation of [G. L. c. 149, § 33E, 52E, 148, 148A, 148B, 148C, 150C, 152, 152A, 159C, or 190, or G. L. c. 151, § 19,] may, [ninety] days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within [three] years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits; provided, however, that the [three-]year limitation period shall be tolled from the date that the employee or a similarly situated employee files a complaint with the attorney general alleging a violation of any of these sections until the date that the attorney general issues a letter authorizing a private right of action or the date that an enforcement action by the attorney general becomes final.  An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees."

General Laws c. 149, § 150, also provides that "[t]he attorney general may make complaint or seek indictment against any person for a violation of [§ 148]," an additional enforcement mechanism not at issue in this case.  See Melia v. Zenhire, Inc., 462 Mass. 164, 170 (2012) ("Wage Act provides for both public and private enforcement").

crux of this appeal is to ascertain what the Legislature intended by this characterization. The defendants contend that the inclusion of this phrase reflects the intent of the Legislature that, apart from the award of reasonable attorney's fees and the costs of litigation, the judgment in favor of a prevailing plaintiff shall be limited to three times the amount of lost wages and benefits; it shall not include any prejudgment interest, whether under § 6B, 6C, or 6H, because prejudgment interest is included within the award of liquidated damages. The plaintiff contends that the inclusion of this phrase reflects the intent of the Legislature that treble damages be treated as compensatory in nature, rather than punitive, and does not reflect an intent to deprive employees of prejudgment interest they would otherwise be due as a matter of statute for their lost wages and benefits.

"Liquidated damages" is a term derived from contract law to identify the amount of damages that the parties agree must be paid in the event of a breach. See Cochrane v. Forbes, 267 Mass. 417, 420 (1929) ("Liquidated damages . . . mean damages, agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of the contract, or susceptible of being made certain in amount by mathematical calculations . . ."). See also 24 R.A. Lord, Williston on Contracts § 65:1

(4th ed. 2002). "A liquidated damages provision will usually be enforced, provided two criteria are satisfied: first, that at the time of contracting the actual damages flowing from a breach were difficult to ascertain; and second, that the sum agreed on as liquidated damages represents a 'reasonable forecast of damages expected to occur in the event of a breach.'" NPS, LLC v. Minihane, 451 Mass. 417, 420 (2008), quoting Cummings Props., LLC v. National Communications Corp., 449 Mass. 490, 494 (2007). "Where damages are easily ascertainable, and the amount provided for is grossly disproportionate to actual damages or unconscionably excessive, the court will award the aggrieved party no more than its actual damages." NPS, LLC, supra.

The term is used in the damages provision of the Federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), which provides, "Any employer who violates the provisions of [§ 206 or 207] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." The United States Supreme Court has declared that liquidated damages under the FLSA "are compensation, not a penalty or punishment by the [g]overnment." Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583 (1942). "The retention of a workman's pay may well result in damages too obscure and difficult of proof for

estimate other than by liquidated damages." Id. at 583-584. Liquidated damages under the FLSA "constitute[] a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being" (footnote omitted). Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945).

Although the legislative history is silent regarding the Legislature's purpose in characterizing treble damages as "liquidated damages" in the 2008 amendment to the Wage Act, we infer that the Legislature knew that

- the FLSA had characterized the "additional equal amount" of unpaid minimum wages and unpaid overtime compensation as "liquidated damages";

- the United States Supreme Court had regarded liquidated damages as compensatory in nature rather than punitive; and

- the characterization of treble damages as "liquidated damages" could be used to defend an award of treble damages from the constitutional challenge that such an award was punitive in nature and therefore required a finding that the employer's conduct had been "outrageous." See Matamoros v. Starbucks Corp., 699 F.3d 129, 140 (1st Cir. 2012) (defendant employer's argument that treble damages under Wage Act violate due process in absence of finding of employer "reprehensibility" was "misplaced" because, "[b]y definition, . . . liquidated damages are not punitive damages").

The defendants contend that we should make one further inference: that, by characterizing treble damages as "liquidated damages" under the Wage Act, the Legislature intended to adopt Federal law and preclude a plaintiff from receiving any prejudgment interest on the award, including the award of lost wages and benefits. We conclude that this is one inference too far.

We recognize that the Supreme Court has declared that Congress, by providing an award of liquidated damages under the FLSA, "meant to preclude recovery of interest on minimum wages and liquidated damages." Brooklyn Sav. Bank, 324 U.S. at 715-716. The Court described "liquidated damages" as "compensation for delay in payment of sums due under the [FLSA]." Id. at 715. Consequently, according to the Court:

> "Since Congress has seen fit to fix the sums recoverable for delay, it is inconsistent with Congressional intent to grant recovery of interest on such sums in view of the fact that interest is customarily allowed as compensation for delay in payment. To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages. . . . Allowance of interest on minimum wages and liquidated damages recoverable under § 16 (b) tends to produce the undesirable result of allowing interest on interest." (Citation omitted.)

Id.

We are not persuaded that the Legislature shared the Congressional intent in this regard. When the FLSA was enacted,

there was no Federal statute generally mandating the payment of prejudgment interest. See Milwaukee v. Cement Div., Nat. Gypsum Co., 515 U.S. 189, 194 (1995). The payment of prejudgment interest in Federal court, in the absence of a statute regarding prejudgment interest, "is governed by traditional judge-made principles." Id. In contrast, as noted earlier, the payment of prejudgment interest in a Massachusetts court is governed by statute, either G. L. c. 231, § 6B, 6C, or 6H. The enactment of § 6H, St. 1983, c. 652, § 1, mandating the payment of prejudgment interest where "not otherwise provided by law," reflects the Legislature's intent that prejudgment interest always be added to an award of compensatory damages.

Where § 6H provides for the award of prejudgment interest whenever compensatory damages are awarded, an interpretation of § 150, as amended, that would preclude the payment of prejudgment interest on the award of lost wages and benefits under the Wage Act would be an implied repeal of § 6H with respect to Wage Act awards. Under our "long standing rule of statutory interpretation," the implied repeal of a statute by a subsequent statute has "never been favored by our law." Commonwealth v. Hayes, 372 Mass. 505, 511 (1977), quoting Commonwealth v. Bloomberg, 302 Mass. 349, 352 (1939). Where two statutes appear to be in conflict, we do not mechanically determine "that the more 'recent' or more 'specific' statute

. . . trumps the other." Commonwealth v. Harris, 443 Mass. 714, 725 (2005). Instead, we "endeavor to harmonize the two statutes so that the policies underlying both may be honored." Id. "[A] statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." Id., quoting Hayes, supra at 512. Repeal is not clearly implied "[u]nless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand." Hayes, supra at 511.

Here, amended § 150 is in conflict with § 6H only if we conclude that the Legislature intended the trebled "liquidated damages" to incorporate all prejudgment interest. But, because we disfavor implied repeal, we may reach that conclusion only if § 150 expressly states that "liquidated damages" includes all prejudgment interest or otherwise negates the entitlement in § 6H to prejudgment interest (which it does not), or if the addition of prejudgment interest to an award of lost wages and benefits is clearly inconsistent with the characterization of treble damages as "liquidated damages" (which it is not).

Before § 150 was amended in 2008, an aggrieved employee who prevailed on a Wage Act claim was entitled to prejudgment interest on an award of lost wages and benefits. See, e.g., DeSantis v. Commonwealth Energy Sys., 68 Mass. App. Ct. 759, 768, 771 (2007) (upholding award of prejudgment interest on

damages for lost wages and benefits under Wage Act). Where the employer's conduct was so outrageous as to justify punitive damages, prejudgment interest would not be added to the trebled punitive damages award, but the award of punitive damages did not mean the deprivation of prejudgment interest on the award of lost wages and benefits. Cf. McEvoy Travel Bur., Inc. v. Norton Co., 408 Mass. 704, 717 & n.9 (1990) (prejudgment interest added to actual damages in G. L. c. 93A judgment, but not to multiple punitive damages). There is nothing in the legislative history of the 2008 amendment of § 150 to suggest that the Legislature intended to deprive an employee of prejudgment interest on lost wages and benefits when it characterized what had been punitive damages as liquidated damages. To do so would mean that an employee who was deprived of wages and benefits because of the outrageous conduct of his or her employer would receive the same treble damages under the amended § 150 as he or she would have obtained before the amendment, albeit as liquidated damages rather than punitive damages, but would obtain a lesser judgment because of the preclusion of prejudgment interest. Section 6H may be read in harmony with the amended § 150 simply by recognizing that the Legislature intended no change in the payment of prejudgment interest.[6]

---

[6] Because we recognize that the Legislature intended no

Nor is there anything in the legislative history to suggest that the Legislature intended that the amended § 150 mirror the FLSA with respect to "liquidated damages." We can infer that the Legislature did not intend the Wage Act fully to replicate the FLSA because it declined to adopt a good faith exception to the Wage Act's mandatory damages requirement. As a result of the Portal-to-Portal Act, 29 U.S.C. § 260 (1947), liquidated damages under the FLSA must be remitted "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [Act]." See Reich v. Southern New England Telecomm. Corp., 121 F.3d 58, 70-71 (2d Cir. 1997). By contrast, following the passage of the 2008 amendment to the Wage Act, the Legislature declined to accept the Governor's

change in the payment of prejudgment interest, we also conclude that the Legislature did not intend that prejudgment interest be awarded on the liquidated portion of the award of damages. If it did, an employee under the amended § 150 who was deprived of wages because of a good faith error by the employer would obtain a significantly larger judgment than he or she would have obtained before the amendment where the deprivation of wages arose from the employer's outrageous conduct, because prejudgment interest would be added to the "liquidated damages" portion of the award but it would not have been added to the punitive damages portion of the award under the previous version of the statute. Under the amended § 150, prejudgment interest is to be calculated based on the portion of damages reflecting lost wages and benefits alone. The plaintiff does not contend that the class members are entitled to prejudgment interest beyond this.

proposed amendments -- similar to those in the Portal-to-Portal Act -- that would have allowed an exception to mandatory treble damages for employers who violated the Wage Act in good faith. See Rosnov, 460 Mass. at 482 n.9. The amended § 150 became law without the Governor's signature. Id.

Moreover, prejudgment interest and § 150 damages are different in kind and accomplish distinctly different purposes. Prejudgment interest is not generally included within "liquidated damages" under our common law of contract. In fact, prejudgment interest is not even a category of damages; where liquidated damages are awarded in a civil contract action, prejudgment interest is added to the award of liquidated damages. See Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 840 (1986) (prejudgment interest under G. L. c. 231, § 6C, paid on both liquidated and unliquidated damages); Cochrane v. Forbes, 267 Mass. 417, 420 (1929) (under common law, prejudgment interest on liquidated damages runs from date of demand).

Prejudgment interest is awarded to compensate a plaintiff for the depreciation of the eventual recovery arising from the often substantial delay between the commencement of the action and the judgment. See Smith v. Massachusetts Bay Transp. Auth., 462 Mass. 370, 375 (2012). In the context of a violation of the Wage Act, "liquidated damages" properly would include the various additional costs that might be incurred by an employee

who has not been timely paid his or her full wages, but who still needs to pay for the family's housing, transportation, food and clothing, tuition, and medical expenses.  The damages arising from delay in paying the wages due might be considerable, depending on the employee's circumstances, but they would be difficult to quantify with precision.  In contrast, prejudgment interest on the amount of lost wages and benefits is simple to quantify, and would not properly be a subject of "liquidated damages."

In short, we conclude that the Legislature's characterization of treble damages as "liquidated damages" in the 2008 amendment to § 150 was not intended to produce any change in the award of prejudgment interest in Wage Act judgments.  Prejudgment interest is still to be added to the amount of lost wages and benefits, and is still not to be added to the trebled portion of the judgment that previously had been punitive damages and is now characterized as liquidated damages.

Conclusion.  For the reasons stated, in answer to the certified question, we declare that, under Massachusetts law, statutory prejudgment interest shall be added by the clerk of court to the amount of lost wages and other benefits awarded as damages pursuant to G. L. c. 149, § 150, but shall not be added to the additional amount of the award arising from the trebling of those damages as "liquidated damages."

The Reporter of Decisions is to furnish attested copies of this opinion to the clerk of this court.  The clerk in turn will transmit one copy, under the seal of the court, to the clerk of the United States District Court for the District of Massachusetts, as the answer to the question certified, and will also transmit a copy to each party.  See, e.g., DiFiore v. American Airlines, Inc., 454 Mass. 486, 497 (2009).