NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-681

PETER M. ZILIOLI & another[1]

vs.

PAUL ZILIOLI, JR., & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Peter M. Zilioli and plaintiff corporation P.M. Zilioli, Inc., appeal from a Superior Court judgment entered after a jury trial and from the trial judge's order denying their posttrial motion for remittitur or in the alternative a new trial. The plaintiffs argue that the judge erred by failing to instruct the jury regarding the trebling of damages and in declining to offset the damages awarded to the plaintiff corporation against the damages awarded to defendant Paul Zilioli, Jr., before trebling Paul's damages.[3] We affirm.

---

[1] P.M. Zilioli, Inc.

[2] Zilioli Enterprises, Inc.

[3] Because the individual plaintiff and defendant share the same last name, we refer to them by their first names, and for simplicity we refer to Peter and the plaintiff corporation as the plaintiffs, and to Paul as the defendant, despite the fact that Paul was awarded damages on his counterclaims.

Discussion.  1.  Jury instruction.  The plaintiffs argue that the trial judge incorrectly instructed the jury on the applicable law as it related to the trebling of damages under the Wage Act, G. L. c. 149, § 150.  Despite ample opportunity to do so, however, the plaintiffs did not object to the jury instructions in this regard at trial, nor did they object to the verdict slip, which was also silent as to the trebling of damages.  Although the plaintiffs asserted this claim of error in their posttrial motion, because they failed to raise a timely objection, the claim is waived.

"A party objecting to the inclusion or exclusion of an instruction must . . . clearly bring the objection and the grounds for it to the attention of the judge."  Rotkiewicz v. Sadowsky, 431 Mass. 748, 751 (2000).  See Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974) ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection").  See also Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 403 n.11 (2013); Parsons v. Ameri, 97 Mass. App. Ct. 96, 105-106 (2020).  The plaintiffs contend that the issue was preserved because the correct instruction was included in "a proposed joint instruction of all parties."  Assuming that

2

this is an accurate characterization of the record,[4] it plainly

does not satisfy the requirements of rule 51 (b).  "A party who

fails to comply with [rule 51 (b)] thereby forfeits his right to

complain on appeal of the giving or omission of an instruction."

Narkin v. Springfield, 5 Mass. App. Ct. 489, 491 (1977).

2. Calculation of damages.  The plaintiffs claim that

because Paul engaged in "self help" by repaying himself for what

he considered insufficient wages, the judge should have

subtracted the $52,300 awarded to the plaintiff corporation for

its fraudulent misrepresentation claim from the $70,600 awarded

to Paul for unpaid wages before trebling Paul's damages.  The

plaintiffs argued in their motion for remittitur that failure to

do so resulted in an excessive award to Paul.

In general, whether to grant relief from a judgment based

on an excessive award of damages and whether to grant a motion

for remittitur are decisions within the broad discretion of the

trial judge.  See Reckis v. Johnson & Johnson, 471 Mass. 272,

299 (2015); Baudanza v. Comcast of Mass. I, Inc., 454 Mass. 622,

630 (2009).  "[A]n award of damages must stand unless . . . to

---

[4] The record appendix does not include a copy of the proposed
joint instructions.  The plaintiffs' posttrial motion, which is
included in the record appendix, quotes the defendant's proposed
instruction on damages and states that the instruction was
"agreed to" by the plaintiffs.  The record before us gives no
indication how the plaintiffs' agreement was communicated to the
trial judge.

3

permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997), quoting Mirageas v. Massachusetts Bay Transp. Auth., 391 Mass. 815, 822 (1984).

The plaintiffs' claim is contrary to the plain language and intent of the statute. The Wage Act states, "An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits," as well as attorney's fees and costs. G. L. c. 149, § 150. No such statutory provision applies to common-law claims for fraudulent misrepresentation. "By its plain language, . . . § 150 mandates the award of treble damages for lost wages and benefits once an aggrieved employee prevails on a Wage Act claim." George v. National Water Main Cleaning Co., 477 Mass. 371, 374-375 (2017). "The Legislature has chosen the stick rather than the carrot to encourage compliance with the act and to address a history of nonpayment and wage theft." Reuter v. Methuen, 489 Mass. 465, 471 (2022).

The analysis in Ameripride Linen & Apparel Servs., Inc. v. Eat Well, Inc., 65 Mass. App. Ct. 63, 71 (2005), provides support for the judge's decision not to offset the plaintiffs' damages prior to trebling Paul's. Under G. L. c. 93A, "where multiplication is warranted, the multiplication is first applied to the 'loss of money or property' caused by unfair conduct, and

4

only thereafter are any offsets or amounts recouped to be considered."  Ameripride Linen & Apparel Servs., supra.  This approach is "in accord with cases elsewhere involving statutes that permit double or treble damages, whether they be under the Racketeer Influenced and Corrupt Organizations Act (RICO), the Sherman Antitrust Act, or the False Claims Act.  In these cases, the courts set off amounts received by the wronged party or owed to the wrongdoer only after doubling or trebling the damages."  Id. at 69.  To the extent the plaintiffs claim that the failure to offset Paul's Wage Act damages by their common-law damages amounted to an excessive or inequitable award, we discern no abuse of discretion in the trial judge's decision to deny remittitur.

For the first time on appeal, the plaintiffs make the legal argument that their recovery on the fraudulent misrepresentation claim amounted to a "valid set-off" within the meaning of the Wage Act.  G. L. c. 149, § 150 ("no defence for failure to pay as required, other than the attachment of such wages by trustee process or a valid assignment thereof or a valid set-off against the same, or the absence of the employee from his regular place of labor at the time of payment, or an actual tender to such employee at the time of payment of the wages so earned by him, shall be valid").  In support of this claim, the plaintiffs rely on dicta from Camara v. Attorney Gen., 458 Mass. 756 (2011),

5

which in turn quotes dicta from Mayhue's Super Liquor Stores, Inc. v. Hodgson, 464 F.2d 1196 (5th Cir. 1972), cert. denied, 409 U.S. 1108 (1973), to the effect that "a setoff to correct an employee's misappropriation of an employer's funds . . . has been found permissible because it merely returns to the employer funds that 'as a matter of law the employee would owe.'" Camara, supra at 762, quoting Mayhue's Super Liquor Stores, Inc., supra at 1198.[5]

We decline to address the plaintiffs' argument further. The plaintiffs did not cite or argue the "valid set-off" provision of G. L. c. 149, § 150, Camara, or Mayhue's Super Liquor Stores, Inc., in their posttrial motion or memorandum, and the trial judge accordingly did not address the issue. "An issue not raised or argued below may not be argued for the first time on appeal." Carey v. New England Organ Bank, 446 Mass. 279, 285 (2006), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989). "The plaintiffs never put the judge on notice that they

_____

[5] In a footnote, the court pointed out that the arrangement at issue in Mayhue's was in fact held to violate the Federal minimum wage law. See Camara, 458 Mass. at 762 n.11.

6

opposed [the verdict] on this theory.  Thus, we deem the issue waived" (citations omitted).  <u>Carey</u>, <u>supra</u>.[6]

<u>Judgment affirmed.</u>

<u>Order denying motion for remittitur or in the alternative a new trial affirmed.</u>

By the Court (Massing, Hershfang & D'Angelo, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  June 30, 2023.

---

[6] Paul requests appellate attorney's fees and costs and is entitled to them under the Wage Act, G. L. c. 149, § 150.  He "may file [his] application for fees and costs, with any appropriate supporting materials, with the clerk of the [Appeals Court] within fourteen days of the date of the rescript."  <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 11 (2004).

[7] The panelists are listed in order of seniority.